UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

James Nordaker,

Plaintiff,

vs.

US Bancorp, a national association, its successor in interest, Plan Administrator and/of U.S. Bancorp's Comprehensive Welfare Benefit Plan: FBA Middle Management Change in Control Severance Pay Program,

Defendants.

Civil File No. 00-CV-2735 PAM/JGL

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, certain materials requested by Plaintiff in the course of discovery contain confidential salary information;

**WHEREAS**, the parties are willing to enter into a Stipulated Protective Order as a condition to the disclosure of such confidential information and/or the inspection of documents containing such confidential information;

**WHEREAS**, counsel for the parties agree that an Order containing the terms set forth herein may be entered by the Court without further notice in order to safeguard the confidentiality of certain information and documents regarding salary information of employees of Defendant U.S. Bancorp, while allowing the opportunity for reasonable discovery;

**WHEREAS**, counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period after counsel has signed, but prior to the Court's execution of this document, whenever that may be,

**NOW, THEREFORE**, the parties, through their undersigned counsel, stipulate and agree as follows:

FILED 9-25-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

1. This Stipulated Protective Order shall apply to documents bates stamped 101147-157, 101158, 101159, 101183, and 101238 which contained salary information of Defendant U.S. Bancorp's employees.

2. Designation of the materials listed in paragraph 1 shall be made by stamping as "confidential" any document which is to be covered by this Stipulated Protective Order.

3. Materials subject to this Stipulated Protective Order shall be used only for the purposes of this litigation and not for any other purpose whatsoever.

4. Materials subject to this Stipulated Protective Order shall be disclosed only to: (a) the plaintiff, the defendants, and defendants' officers, agents, or employees who have a need for such disclosure in order to conduct this litigation; (b) the counsel of record in this action (including members and associates of their firms, legal assistants, and secretarial and clerical personnel); (c) experts retained by the parties to work on this action; (d) stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action; (e) such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure; and (f) the Court.

5. If materials subject to this Stipulated Protective Order are filed with the Court, they shall be filed under seal and in an envelope bearing the following description:

**CONFIDENTIAL**
**This envelope contains confidential information subject to Protective Order and is not to be opened except pursuant to authority of the Court.**

6. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material subject to this Stipulated Protective Order produced by any opposing party and designated by that opposing party as "confidential," he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court

may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Stipulated Protective Order.

7. Within sixty (60) days after final determination of this action, counsel and all other recipients of materials subject to this Stipulated Protective Order shall return such materials in their possession, and all copies made by them or at their direction, to the party that originally produced such materials. The termination of proceedings in this action shall not, however, relieve any person to whom confidential information was disclosed from the provisions of paragraphs 3 and 4 of this Stipulated Protective Order.

8. The parties will make good faith attempts to resolve between themselves any disputes regarding particular designations of confidentiality.

9. If the parties are unable to resolve any such dispute, any party may proceed by notice of motion and motion to the Court to determine the propriety of such designation. In such a motion, the party advancing the designation bears the burden of proving that a document should be designated as Confidential. Pending resolution of a dispute over whether information or material should be considered Confidential, all parties and all other persons bound by this Protective Order shall continue to treat the information or material as Confidential until the issue is resolved by the Court.

10. The counsel of record are responsible for employing reasonable measures to control, consistent with this Stipulated Protective Order, the duplication of, access to, and distribution of copies of confidential documents.

11. The counsel of record hereby apply to the Court for an entry of an Order in accordance with this Stipulated Protective Order.

12. The Order entered pursuant to the terms of this Stipulated Protective Order shall be without prejudice to the rights of any party to seek modification of its provisions upon motion duly noted and served.

13. The provisions of the Order entered pursuant to this Stipulated Protective Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction for the purpose of assuring compliance with this Stipulated Protective Order and granting such other and further relief as may be necessary.

**SO STIPULATED:**

Dated: 9-21, 2001

JILL CLARK, P.A.

By ______________________
Jill Clark (#196988)
Jill Clark, P.A.
2005 Aquila Avenue North
Golden Valley, MN 55427
Telephone: (763) 417-9102

Attorneys for Plaintiff

Dated: 9-21, 2001

DORSEY & WHITNEY LLP

By ______________________
Stephen P. Lucke (# 154210)
Judith Williams-Killackey (#280227)
Pillsbury Center South
220 South Sixth Street, Suite 1300
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendants

**SO ORDERED:**

Dated: Sept. 24, 2001

______________________
Magistrate Judge Jonathan Lebedoff

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802


## Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

### *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

### ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.